**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW J. ARDINO; JOSEPH  ARDINO; and LISA A. ARDINO, on behalf of themselves and all others similarly situated,<br><br>Plaintiff(s),<br><br><br>-against-<br><br><br>SOLOMON AND SOLOMON, P.C., and JOHN DOES 1-25.<br><br>Defendant(s). | Civil Case Number: _____<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Andrew J. Ardino, Joseph Ardino; and Lisa A. Ardino, on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs") by and through their undersigned attorney, alleges against the above-named Defendants, Solomon and Solomon, P.C., (hereinafter "Solomon"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## **DEFINITIONS**

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## **PARTIES**

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff, Andrew J. Ardino, is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Plaintiff, Joseph Ardino, is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Plaintiff, Lisa A. Ardino, is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

9.      Solomon is a law firm with its primary offices located at Five Columbia Circle, Albany, New York 12203.

10.      Upon information and belief, Solomon is primarily in the business of collecting debts allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

11.      John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Weiner which are in violation of the FDCPA, as described in this Complaint.

13.     This Action is properly maintained as a statewide class action. The Class consists of:

- All New Jersey consumers who were sent collection letters and/or notices from Solomon, attempting to collect debt(s) allegedly owed to New Jersey Higher Education Student Assistance Authority, that contained at least one of the alleged violations arising from Defendants' violation of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

14.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from Weiner that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.   Whether Defendants violated various provisions of the FDCPA;

b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

15.     On or about May 4, 2008, Andrew J. Ardino applied for a student loan from the New Jersey Higher Education Student Assistance Authority (hereinafter "HESAA" ). A copy of said application is annexed hereto as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

16.     On or about May 4, 2008, Joseph Ardino, cosigned the HESAA loan for his son, Andrew J. Ardino.

17.     On or about May 4, 2008, Lisa A. Ardino, cosigned the HESAA loan for her son, Andrew J. Ardino.

18.     The loan amount requested was $20,000.

19.     The HESAA obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.     The alleged HESAA obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

21.     Plaintiffs are at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

22.     On or before HESAA placed and/or referred the alleged obligation with Solomon for the purpose of collection.

23.     On or about September 13, 2012, Solomon caused to be mailed to Andrew J. Ardino a letter attempting to collect the alleged HESAA obligation.  A copy of said letter is annexed hereto as Exhibit B, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

24.     On or about September 13, 2012, Solomon caused to be mailed to Joseph Ardino a letter attempting to collect the alleged HESAA obligation.  A copy of said letter is annexed hereto as Exhibit C, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

25.     On or about September 13, 2012, Solomon caused to be mailed to Lisa A. Ardino a letter attempting to collect the alleged HESAA obligation.  A copy of said letter is annexed hereto as Exhibit D, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

26.     At all pertinent times hereto, Solomon was collecting an alleged debt relating to a consumer transaction, pursuant to 15 U.S.C. §1692a(5).

27.     The September 13, 2012 letter sent to Andrew J. Ardino is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

28.     The September 13, 2012 letter sent to Joseph Ardino is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

29.     The September 13, 2012 letter sent to Lisa A. Ardino is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

30.     The September 13, 2103 letters, which were sent to each Plaintiff names in this lawsuit, were identical in content, expect for the name of the addressee.

31.     Upon receipt, Andrew J. Ardino read the September 13, 2012 letter.

32.     Upon receipt, Joseph Ardino read the September 13, 2012 letter.

33.     Upon receipt, Lisa A. Ardino read the September 13, 2012 letter.

34.     Each of the September 13, 2012 letters stated at the top: "Amount due as of 09/13/2012: $25,385.66".

35.     Each of the September 13, 2012 letters further stated in the second paragraph: "Attorney fees of 22% of the claim referred are due to the State pursuant to the terms of the note(s) and NJ Regulation 9A:10-6.16(b)."

36.     Amount due of $25,385.66 as stated in each of the September 13, 2013 letters included attorneys' fess in the amount of $4.561.45.

37.     The attorneys' fees of $4,561.45 is precisely 22% of the unpaid principal and interest past due of $20,733.88.

38.     The attorneys' fees of $4,561.45, represents the contingency fee agreement between Solomon and HESAA rather than a pre-paid, flat fee.

39.     Upon information and belief, the applicable agreement between Plaintiffs and HESAA included as provisions, which stated in part: "I will pay all charges, collection costs and all other costs that are permitted under this Note for the collection of this loan, which the lender or subsequent holder of this Promissory Note incurs in collecting this loan."

40.     At the time Solomon sent the September 13, 2102 letters, Plaintiffs did not owe HESAA attorneys' fees in the amount of $4,561.45.

41.     At the time Solomon sent the September 13, 2102 letters to Plaintiffs, Solomon had not billed HESAA for attorney fees in the amount $4,561.45, relative to the collection of the alleged debt.

42.     At the time Solomon sent the September 13, 2102 letters to Plaintiffs, Solomon had not charge HESAA attorneys fees of $4,561.45, relative to the collection of the alleged debt.

43.     At the time Solomon sent the September 13, 2102 letters to Plaintiffs, HESAA had not paid attorneys fees to Solomon in the amount of $4,561.45, relative to the collection of the alleged debt.

44.     At the time Solomon sent the September 13, 2102 letters to Plaintiffs, HESAA had not been awarded attorneys' fees by any Court in any jurisdiction.

45.     At the time Solomon sent the September 13, 2102 letters to Plaintiffs, Solomon had not filed an action in any Court in any jurisdiction.

46.     On September 20, 2012, Joseph Ardino through his undersigned attorney sent a letter to Solomon disputing the alleged debt and demanding a full accounting and verification.  A copy of said letter is annexed hereto as Exhibit E, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

47.     On September 24, 2102, Solomon provided to the undersigned attorney a cover letter itemizing the alleged balance and computer printouts of the history of the alleged debt. A copy of said cover letter and printouts are annexed hereto as Exhibit F, except that the

undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

48.     At the time Solomon sent the September 24, 2102 letter to the undersigned attorney, Solomon had not filed an action in any Court in any jurisdiction.

49.     At the time Solomon sent the September 24, 2102 letter to the undersigned attorney, HESAA had not been awarded attorneys' fees by any Court in any jurisdiction

50.     The September 24, 2012 letter stated in part: "At the time it [the HESAA obligation] was referred to collection to our office, the unpaid principal was $19,666.44 plus interest of $1067.44 as of 08/22/12."

51.     The September 24, 2012 letter further stated: "Based on its [HESAA] agreement with the firm, the fees on a contingency fee of 22% of the amount referred to our office.  Based on the above the fee would be $4,561.45".

52.      At the time Solomon sent the September 24, 2102 letter, Plaintiffs did not owe HESAA attorneys' fees in the amount of $4,561.45.

53.     At the time Solomon sent the September 24, 2102 letter, Solomon had not billed HESAA for attorneys' fees in the amount $4,561.45, relative to the collection of the alleged debt.

54.     At the time Solomon sent the September 13, 2102 letters, Solomon had not charge HESAA attorneys' fees of $4,561.45, relative to the collection of the alleged debt.

55.     At the time Solomon sent the September 13, 2102 letters, HESAA had not paid attorneys' fees to Solomon in the amount of $4,561.45, relative to the collection of the alleged debt.

56.     On or about February 7, 2013, Solomon filed a Complaint against Plaintiffs, in the Superior Court of New Jersey - Law Division, Union County, Docket No.; UNN L - 000451-13.

A copy of said Complaint is annexed hereto as Exhibit G, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiffs' privacy.

57.     In paragraph 7 of said Complaint, Solomon requested "Reasonable attorneys fees pursuant to the terms of the agreement and NJ Regulation 9A:10-6.16(b) are due to Plaintiff from Defendant.  The fees payable to counsel are based on a contingency fee of 22%."

58.     N.J.A.C. 9A:10-6.16(b) provides *inter alia*:

> Upon default, the borrower and/or cosigner, if any, are liable for the entire balance of the loan.  Upon default, the Authority shall notify credit bureaus of this negative information.  Default *may* result in any or all of the following: expedited increase of interest rate, loss of State income tax refunds or State tax rebates, legal, assessment of collection charges including attorney fees of up to 30 percent *of the debt collected*..... [emphasis added].

59.     Upon information and belief, members of the class have made payment of attorneys' fees, which were not due and owing.

60.     Within the period beginning on the day one year prior to the date this Complaint is filed to the present, Solomon sent collection letters attempting to collect debts to more than 50 consumers residing within the State of New Jersey similar to the letter annexed hereto as Exhibit A.

61.     Solomon's actions as described herein are part of a pattern and practice used to collect consumer debts.

62.     Solomon could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

63.     It is Solomon's policy and practice to send written collection communications, in the form annexed hereto as Exhibit A, that violate the FDCPA, by *inter alia*:

(a)     Failing to accurately state the amount of the alleged debt.

(b)     Attempting to collect attorneys' fees when no such fees were to Solomon.

(c)     Attempting to interest in amount greater than what was actually due.

(d)     Using false, deceptive or misleading representations or means in connection with the collection of any debt.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

64.     Plaintiff repeats the allegations contained in paragraphs 1 through 63 as if the same were set forth at length herein.

65.     Collection letters and/or notices such as those sent by Solomon, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

66.     Solomon violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

67.     Solomon violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiffs and other similarly situated.

68.     By stating in its collection letters to Plaintiffs and other similarly situated that pursuant to N.J.A.C. 9a:10-6.16(B), attorneys' fees are based on 22% of the "*claim referred*" when in fact pursuant to N.J.A.C. 9a:10-6.16(B),  if attorneys are due at all, the amount is based on a percent of the amount of the *debt collected,* Solomon used false, deceptive, misleading

representations or means in connection with its attempts to collect the alleged debts from Plaintiffs and other similarly situated, in violation of 15 U.S.C. § 1692e *et seq.*

69.    By demanding an amount for attorneys' fees in its initial and subsequent collection letters to Plaintiffs and other similarly situated when said attorneys' fees were not yet, if at all, due Solomon violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

70.    By representing to Plaintiffs and other similarly situated that an amount was due for attorney fees in its initial collection letters when said attorney fees were not yet, if at all, due pursuant to the underlying contracts or were not permitted by law, Solomon violated various provision of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1).

71.    Solomon violated 15 U.S.C. § 1692e(2)(A) if the FDCPA by falsely representing the charter, amount or legal status of the alleged debt in its initial collection letters to Plaintiffs and others similarly situated.

72.    Solomon violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff and other similarly situated.

73.    Solomon violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiffs and others similarly situated.

74. Solomon violated 15 U.S.C. § 1692f(1) of the FDCPA by collecting or attempting to collect an amount that was not expressly authorized by the agreement creating the alleged debt or by law.

75. By reason thereof, Solomon are liable to Plaintiff and other similarly situated for declaratory judgment that Solomon's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)     Issuing a preliminary and/or permanent injunction restraining Solomon, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issuing a declaratory Order requiring Solomon to make corrective disclosures;

(d)     Awarding Plaintiff and the Class statutory damages;

(e)     Awarding Plaintiff and the Class actual damages;

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g)     Awarding pre-judgment interest and post-judgment interest; and

(h)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
        March 22, 2013

/s/ Joseph K. Jones
Joseph K. Jones, Esq. (JJ5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

/s/ Joseph K. Jones
Joseph K. Jones

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 22, 2103

/s/ Joseph K. Jones
Joseph K. Jones

Exhibit

A



**NJ HESAA**
"Where Educational Opportunities Begin"

**NJCLASS**
**Loan Application**

R22955967131 A
NJCLASS Originations
PO Box 538
Trenton, NJ 08625-0538
www.hesaa.org 800.792.8670

## Student Information Please print in dark ink

| First Name | MI | Last Name | Social Security Number | Date of Birth (Month/Day/Year) |
|---|---|---|---|---|
| Andrew | J | Ardino | ▮▮▮ | |

Permanent Street Address

Citizenship
X  U.S. Citizen
   Permanent Resident
      Alien #:
   Neither

| City | State | Zip Code |
|---|---|---|
| ▮ | NJ | ▮ |

| State of Legal Residence | Home Telephone Number | E-mail Address | Driver's License ("N/A" if none) |
|---|---|---|---|
| NJ | (908) ▮ | ▮ | State: NJ # ▮ |

## School and Loan Information

School Name/Campus
MONTCLAIR STATE UNIVERSITY

School ID Code

Financial Aid Office Address
VALLEY RD, UPPER MONTCLAIR, NJ 07043

Loan Period: (Month/Year)
From:

Loan Amount Requested
$ 20,000.00

## Borrower Information Please print in dark ink. Please read the Promissory Note carefully.

| First Name | MI | Last Name | Social Security Number | Date of Birth (Month/Day/Year) |
|---|---|---|---|---|
| Andrew | J | Ardino | ▮ | |

Permanent Street Address
▮

Citizenship
X  U.S. Citizen
   Permanent Resident
      Alien #:
   Neither

| City | State | Zip Code |
|---|---|---|
| ▮ | NJ | ▮ |

Home Telephone Number
(908) ▮

E-mail Address
grunyun@comcast.net

Driver's License ("N/A" if none)
State: NJ #: ▮

Income Information (Indicate " None " or Retired if applicable)
Present Employer
   Address
   City                                    State       Zip
   Area Code/ Telephone

Gross Annual Income $   0.00

Monthly Housing Expense
$  0.00 rent or mortgage, including taxes, association fees, and property insurance.

Alimony, child support, public assistance aid, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation.

NJCLASS Application Ref # ▪

## Co-Borrower Information Please print in dark ink. Please read the Promissory Note carefully.

| First Name | MI | Last Name | | Social Security Number | | Date of Birth (Month/Day/Year) |
|---|---|---|---|---|---|---|
| | | | | | | / / |

Permanent Street Address

Citizenship

U.S. Citizen

Permanent Resident

Alien #:

| City | State | Zip Code | Neither |
|---|---|---|---|

Home Telephone Number

Income Information (Indicate " None " or Retired if applicable)

E-mail Address

Present Employer

   Address

Driver's License ("N/A" if none)
State:                              #:

   City

   Area Code/ Telephone                State    Zip

Monthly Housing Expense (if living separately from the borrower)
$       rent or mortgage, including taxes, association fees, and property insurance.

Gross Annual Income $

Alimony, child support, public assistance aid, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation.

## Reference Information Borrower and Co-Borrower (if applicable) must complete this section

| Relative Or Friend Not Living WithYou | Relative Or Friend Not Living WithYou |
|---|---|
| Name | Name |
| Address | Address |
| City | City |
| Area Code/ Telephone (973) | Area Code/ Telephone |

NOTICE TO COSIGNER(S): You are being asked to assume full liability for this debt. Think carefully before you do so. If the borrower(s) and/or co-borrower(s) do not pay the debt, you will be required to do so. Be sure that you can afford to pay the full amount of this debt if you have to, and that you want to accept responsibility for the full amount of the debt. You may have to pay up to the full amount of the debt if the borrower(s) does not pay. You may also have to pay interest charges, late fees or collection costs, which may increase the total amount due. The holder of this Note can collect this debt from you without first trying to collect from the borrower(s). The holder of this Note can use the same collection methods against you that can be used against the borrower(s), such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record. This notice is not the contract that makes you liable for the debt. This is a loan application. You will be required to sign a promissory note, which records your liability for the debt.

## Cosigner Information Please print in dark ink. Please read the Promissory Note carefully.

| First Name | MI | Last Name | | Social Security Number | | Date of Birth (Month/Day/Year) |
|---|---|---|---|---|---|---|
| Joseph | | Ardino | | | | |

Permanent Street Address

Citizenship

X  U.S. Citizen

Permanent Resident

Alien #:

| City | State | Zip Code | Neither |
|---|---|---|---|

Home Telephone Number
(908)  245-0548

Income Information (Indicate "None" or Retired if applicable)
Present Employer

   Address

E-mail Address

   City

Driver's License ("N/A" if none)
State:    NJ    #:

   Area Code/ Telephone

Gross Annual Income $          If relying on another's income to qualify, that person must be Joint Cosigner

Monthly Housing Expense (if living separately from the borrower)
$ 3,100.00 rent or mortgage, including taxes, association fees, and property insurance.

Alimony, child support, public assistance aid, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation.

## NJCLASS PROMISSORY NOTE

It is important that you thoroughly read this Note before you sign it

**WARNING:**   *Any person who knowingly makes a false statement or a misrepresentation on this form is subject to penalties which may include fines or imprisonment under N.J.S.A. 18A:71C-31.*

In this Promissory Note, the words "I", "me," "my," and "Borrower" mean the undersigned borrower and/or co-borrower(s) and co-signer(s), or, if there is more than one undersigned borrower, all borrowers jointly and severally, unless the language specifically refers to only one or the other. "Lender", "you" and "your" means New Jersey Higher Education Student Assistance Authority (HESAA), its successors or subsequent holder of this Note. "Note" means the Promissory Note including NJCLASS Terms, Conditions, and Definitions. "School" means the School Name indicated on the Loan Application. "Certification" means the Certification and Authorization in the Loan Application. "Notice" refers to the Notice of Disclosure Statement.

### Borrower Information  Please print in dark ink

| Last Name | First | MI | SSN |
|---|---|---|---|
| | | | |
| Permanent Address | | | |

### Student Information  Please print in dark ink

| Last Name | First | MI | SSN |
|---|---|---|---|
| | | | |

### Repayment Option  Select one of the following options by placing an "X" in the box you choose. Refer to the explanation found in the Terms, Conditions, and Definitions.

| | |
|---|---|
| | (Option 1) Monthly principal and interest payments - Begin repayment 60 days after the first disbursement. |
| X | (Option 2) Quarterly interest-only payments - Deferred principal, and pay only the interest that accrues while in deferment. |
| | (Option 3) Defer all payments while in school - Accrued interest will be capitalized once a year. |
| | The interest rate for this option is 0.30% higher than options 1 or 2 for the life of the loan. |

**Promise to Pay:**  I, the undersigned for value received, promise to pay to the order of:

**Higher Education Student Assistance Authority (HESAA)**
PO Box 538
Trenton, NJ 08625-0538

Or subsequent holder of this Note, all of the principal sum of: **Requested Loan Amount $ 20,000.00**

Or such loan amount as is advanced to me and identified to me in the Notice of Loan Disclosure Statement, plus interest as set forth in the NJCLASS Loan Terms, Conditions, Definitions, and any other charges that may become due. If I fail to pay any of these amounts when they are due, I will pay all charges, collection costs and all other costs that are permitted under this Note for the collection of this loan, which the lender or subsequent holder of this Promissory Note incurs in collecting this loan. I agree that the laws of the State of New Jersey shall govern this Note. My signature certifies that I have read, understood and agreed to all the provisions of this Note including the conditions and authorizations stated in the "Certification," if applicable. I will also provide a copy of this Promissory Note, including the Terms, Conditions, and Definitions to each cosigner(s) for his/her records. I understand that this is a Promissory Note. I have not signed this Note before reading, understanding and agreeing to it, including the Terms, Conditions and Definitions. By signing this Promissory Note I acknowledge that I have received a copy hereof.

| Signature | | Date | Signature | | Date |
|---|---|---|---|---|---|
| **Borrower**  Andrew Ardino | | 5/4/08 | **Co-Borrower** | | |

**NOTICE TO THE COSIGNER(S):** You are being asked to assume full responsibility for this debt. Think carefully before you do so. If the borrower(s) does not pay the debt, you will be required to do so. Be sure that you can afford to pay the full amount of this debt if you have to, and that you want to accept responsibility for the full amount of the debt. You may have to pay up to the full amount of the debt if the borrower(s) does not pay or is otherwise in Default. You may also have to pay interest charges, late fees or collection costs, which may increase the total amount due. The holder of this Note can collect this debt from you without first trying to collect from the borrower(s). The holder of this Note can use the same collection methods against you that can be used against the borrower(s), such as suing you, garnishing your wages, etc. If this debt is ever in Default, that fact may become part of your credit record. I understand that this is a Promissory Note. I have not signed this Note before reading, understanding and agreeing to it, including the Terms, Conditions and Definitions. By signing this Promissory Note I acknowledge that I have received a copy hereof from the borrower.

| Signature | | Date | Signature | | Date |
|---|---|---|---|---|---|
| **Cosigner**  Joseph Ardino | | 5/4/08 | **Jt. Cosigner**  Lisa Ardino | | 5/4/08 |

### Lender Approval  For Official Use Only

| Approved Loan Amount | | Officer 1 | | Title  STAFF | Date  5/8/08 |
|---|---|---|---|---|---|
| .00 | | | | | |
| File Number | | Officer 2 | | Title | Date |

# Exhibit

# B

09/13/2012

File Number:

Account No.:

**SOLOMON AND SOLOMON P.C.**

Client:

NEW JERSEY HIGHER EDUCATION STUDENT
ASSISTANCE AUTHORITY

Five Columbia Circle
Albany NY, 12203

Amount due as of 09/13/2012: $25,385.66

Dear Andrew J Ardino:

The above named creditor has referred your account to our office for collection. If your records do not agree with the amount above, then contact our office. Otherwise please make your check or money order payable to the creditor and mail directly to this office.

Attorney fees of 22% of the claim referred are due to the State pursuant to the terms of the note(s) and NJ Regulation 9A:10-6.16(b).

As of the date of this letter, you owe $25,385.66. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the firm or call 1-800-873-1993.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Calls are randomly monitored, and may be recorded to ensure quality service.

VALIDATION NOTICE

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the thirty (30) day period that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification will be mailed to you by this office. Upon your written request within the thirty (30) day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Contact us to find out if you are eligible for a payment arrangement**

**Se Habla Español**



Make payments
via the Internet @
www.solomonpayments.com

email us @
myaccount@solomonpc.com

or text us @
518-708-7330



**Office Hours Are:**
Mon - Tue 8:00am to 9:00pm
Wed - Fri 8:00am to 5:00pm
Toll Free: 1-800-873-1993
Fax: (518) 456-0651



**Send Mail To:**
Solomon and Solomon P.C.
Columbia Circle
P.O. Box 15019
Albany, NY 12212-5019

** Please return the below portion with your payment in the enclosed envelope **

P.O. Box 2060
Southgate, MI 48195-4060

**TO PAY BY CREDIT CARD**

Check One: ☐ MasterCard ☐ VISA

Card Number:

Expiration Date: _____ CCV#: _____ Last 3 digits on the back of Card

Signature:

09/13/2012

| Account No.: | Amount due as of 09/13/2012: | $25,385.66 |
| --- | --- | --- |
| File Number: | | |

**Amount Enclosed: $**

664/000000664/000000004

Make Payable To: **NEW JERSEY HIGHER EDUCATION STUDENT ASSISTANCE AUTHORITY**

Andrew J Ardino

12005

Solomon and Solomon P.C.
Columbia Circle
P.O. Box 15019
Albany, NY 12212-5019

IA1
P08591814

☐ Check to give Permission to call your cell phone: _____

Page 1 of 1
000000664

# Exhibit

# C

13/2012

# SOLOMON AND SOLOMON P.C.

e Number:
ccount No.:

Client:     NEW JERSEY HIGHER EDUCATION STUDENT
            ASSISTANCE AUTHORITY

Amount due as of 09/13/2012:   $25,385.66

Five Columbia Circle
Albany NY, 12203

Dear Joseph Ardino:

The above named creditor has referred your account to our office for collection. If your records do not agree with the amount above, then contact our office. Otherwise please make your check or money order payable to the creditor and mail directly to this office.

Attorney fees of 22% of the claim referred are due to the State pursuant to the terms of the note(s) and NJ Regulation 9A:10-6.16(b).

As of the date of this letter, you owe $25,385.66. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the firm or call 1-800-873-1993.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Calls are randomly monitored, and may be recorded to ensure quality service.

### VALIDATION NOTICE

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the thirty (30) day period that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification will be mailed to you by this office. Upon your written request within the thirty (30) day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

---

**Contact us to find out if you are eligible for a payment arrangement**

---

## Se Habla Español



**Make payments via the Internet @**
www.solomonpayments.com

**email us @**
myaccount@solomonpc.com

**or text us @**
518-708-7330



**Office Hours Are:**
Mon - Tue 8:00am to 9:00pm
Wed - Fri 8:00am to 5:00pm
Toll Free: 1-800-873-1993
Fax: (518) 456-0651



**Send Mail To:**
Solomon and Solomon P.C.
Columbia Circle
P.O. Box 15019
Albany, NY  12212-5019

---

** Please return the below portion with your payment in the enclosed envelope **

P.O. Box 2060
Southgate, MI 48195-4060

09/13/2012

665000000665J000000004

Joseph Ardino

12806

| TO PAY BY CREDIT CARD | | |
|---|---|---|
| Check One: ☐ MasterCard ☐ VISA | | |

Card Number: _____

Expiration Date: _____  CCV#: _____   Last 3 digits on the back of Card

Signature: _____

Account No.: _____
File Number: _____

Amount due as of 09/13/2012:   $25,385.66
Amount Enclosed: $_____

Make Payable To: **NEW JERSEY HIGHER EDUCATION STUDENT ASSISTANCE AUTHORITY**

Solomon and Solomon P.C.
Columbia Circle
P.O. Box 15019
Albany, NY  12212-5019

IAI
P08504814

☐ Check to give Permission to call your cell phone: ____ - ____ - ____

# Exhibit

# D

3/2012

**SOLOMON AND SOLOMON P.C.**

Number:
Account No.:

Five Columbia Circle
Albany NY, 12203

Client:  NEW JERSEY HIGHER EDUCATION STUDENT
ASSISTANCE AUTHORITY

Amount due as of 09/13/2012:  $25,385.66

Dear Lisa A Ardino:

The above named creditor has referred your account to our office for collection. If your records do not agree with the amount above, then contact our office. Otherwise please make your check or money order payable to the creditor and mail directly to this office.

Attorney fees of 22% of the claim referred are due to the State pursuant to the terms of the note(s) and NJ Regulation 9A:10-6.16(b).

As of the date of this letter, you owe $25,385.66. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the firm or call 1-800-873-1993.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Calls are randomly monitored, and may be recorded to ensure quality service.

### VALIDATION NOTICE

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the thirty (30) day period that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification will be mailed to you by this office. Upon your written request within the thirty (30) day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

---

**Contact us to find out if you are eligible for a payment arrangement**

## Se Habla Español



**Make payments via the Internet @**
www.solomonpayments.com

**email us @**
myaccount@solomonpc.com

**or text us @**
518-708-7330



**Office Hours Are:**
Mon - Tue 8:00am to 9:00pm
Wed - Fri 8:00am to 5:00pm
Toll Free: 1-800-873-1993
Fax: (518) 456-0651



**Send Mail To:**
Solomon and Solomon P.C.
Columbia Circle
P.O. Box 15019
Albany, NY  12212-5019

---

** Please return the below portion with your payment in the enclosed envelope **

P.O. Box 2060
Southgate, MI  48195-4060

09/13/2012

666/090000666/000000091

Lisa A Ardino

12697

---

**TO PAY BY CREDIT CARD**

Check One: ☐ MasterCard   ☐ VISA

Card Number:

Expiration Date:                  CCV#:          Last 3 digits on the back of Card

Signature:

Account No.:                        Amount due as of 09/13/2012:   $25,385.66
File Number:                        **Amount Enclosed: $**

Make Payable To: **NEW JERSEY HIGHER EDUCATION STUDENT ASSISTANCE AUTHORITY**

Solomon and Solomon P.C.
Columbia Circle
P.O. Box 15019
Albany, NY  12212-5019

---

IA1
P08504814

☐ Check to give Permission to call your cell phone: _____-_____-_____

Page 1 of 1
000000666

# Exhibit

# E

*Law Offices of*

# Joseph K. Jones, LLC

Attorney at Law

375 Passaic Avenue
Suite 100
Fairfield, New Jersey 07004
973-227-5900
facsimile 973-244-0019
jkj@legaljones.com

Admitted to Practice
New York
New Jersey
United States District Court, Eastern District of New York
United States District Court, Southern District of New York
United States District Court, New Jersey
Connecticut

100 Park Avenue
20th Floor
New York, NY 10017
646-459-7971

*Reply to: New Jersey*

September 20, 2012

Via Facsimile (518) 456-0651, Certified Mail 7011 0470 0003 1304 7099 and First Class Mail
Solomon and Solomon P.C.
Columbia Circle
PO Box 15019
Albany, NY 12212-5019

> **Re:   Joseph Ardino**
>     **Creditor:  New Jersey Higher Education Student**
>         **Assistance Authority**
>     **Account No.:** ▮▮▮▮▮▮▮
>     **File No.:** ▮▮▮▮▮▮

To Whom It May Concern:

This firm has been retained to represent the interest of Joseph Ardino, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Mr. Ardino.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor. Kindly forward all such information to our New Jersey office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Solomon and Solomon P.C., is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

Very truly yours,
LAW OFFICES OF JOSEPH K. JONES, LLC

/s/ *Joseph K. Jones*

Joseph K. Jones
Attorney at Law

JKJ: dp

✱ ✱ ✱ Communication Result Report ( Sep. 20. 2012 11:19AM ) ✱ ✱ ✱

2)
3)

Date/Time: Sep. 20. 2012 11:18AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 7391 | Memory TX | 15134560651 | P. 1 | OK | |

Reason for error
E. 1) Hang up or line fail          E. 2) Busy
E. 3) No answer                     E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size

Law Offices of
## Joseph K. Jones, LLC
Attorney at Law

375 Passaic Avenue                Admitted to Practice        100 Park Avenue
Suite 100                         New York                    20th Floor
Fairfield, New Jersey 07004       New Jersey                  New York, NY 10017
973-227-5900        United States District Court, Eastern District of New York     646-459-7971
facsimile 973-244-0019    United States District Court, Southern District of New York
jkj@legaljones.com          United States District Court, New Jersey        Reply to: New Jersey
                                  Connecticut

September 20, 2012

Via Facsimile (518) 456-5961, Certified Mail 7011 0470 0003 1304 7099 and First Class Mail
Solomon and Solomon P.C.
Columbia Circle
PO Box 15019
Albany, NY 12212-5019

Re:   Joseph Ardino
      Creditor: New Jersey Higher Education Student
      Assistance Authority
      Account No.: ▊▊▊▊
      File No.: ▊▊▊▊

To Whom It May Concern:

        This firm has been retained to represent the interest of Joseph Ardino, relative to
the above-referenced matter.

        Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately
Cease and Desist all collection efforts and communications with Mr. Ardino.

        As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the
alleged debt and demands a verification, a full accounting, and the name and address of
the original creditor. Kindly forward all such information to our New Jersey office.
Additionally, pursuant to 15 U.S.C. §1692e(8), if Solomon and Solomon P.C., is
reporting credit information concerning this alleged debt, then it is obligated to report it
as disputed.

        Your anticipated cooperation in this matter is appreciated.

                          Very truly yours,
                          LAW OFFICES OF JOSEPH K. JONES, LLC

                          /s/ Joseph K. Jones

                          Joseph K. Jones
                          Attorney at Law

JKJ: dp

# Exhibit

# F

**SOLOMON**
**AND**
**SOLOMON**
**PC**

Attorneys at Law

*Mailing Address:*
Columbia Circle
Box 15019
Albany, NY 12212-5019

*Located At:*
Five Columbia Circle
Albany, NY 12203

(518) 456-7200
Fax (518) 456-0651
Toll free 1-800-259-6723

September 24, 2012

Joseph K Jones
Law Offices of Joseph K Jones, LLC
375 Passaic Ave
Suite 100
Fairfield, NJ 07004

Creditor:     New Jersey Higher Education Assistance Authority
Loan ▇▇▇▇▇▇▇▇
Your client:     Joseph Ardino

Dear   Attorney Jones

    I am writing in regard to the above loan account your client has   have
with New Jersey and the request for further information from your letter of
9/20/12.

    The file shows a loan applied for in the sum of  $20,000.00 and was
approved for that sum in May 2008 under a Promissory Note under the NJ
Class Program.  Interest is set by the authority under New Jersey regulations.
The rate was 7.62 % annually.   There was a default in payment.   At the time
it was referred to collection to our office, the unpaid principal was $19,666.44
plus interest of $1067.44 as of 8/22/12.  714.60 as of 2/1/12.  A copy of the
Note signature page, Direct Loan approval page, Direct Loan Tracking page
showing the sum turned over and an accounting history are enclosed.

    Fees are due to the State under the Note pursuant to the terms of the
note  and NJ Regulation 9A:10-6.16(b).  That regulation provides:
    (a) Default occurs when a borrower fails to make an installment
    payment when due, or to meet other terms of the Promissory Note
    under circumstances where the Authority finds it reasonable to
    conclude that the borrower no longer intends to honor the obligation to
    repay, provided failure to repay persists for:
    1. At least 180 days when payments are due monthly; or
    2. At least 240 days during the student's in-school period when
    payments are due less frequently than monthly.
    b) Upon default, the borrower and/or cosigner, if any, are liable for the
    entire balance of the loan. Upon default, the Authority shall notify
    credit bureaus of this negative information. Default may result in any
    or all of the following: expedited increase of interest rate, loss of State
    collection charges including attorney fees of up to 30 percent of the
    debt collected, loss of eligibility for other student aid, negative credit

**SOLOMON AND SOLOMON PC**

Attorneys at Law

*Mailing Address:*
Columbia Circle
Box 15019
Albany, NY 12212-5019

*Located At:*
Five Columbia Circle
Albany, NY 12203

(518) 456-7200
Fax (518) 456-0651
Toll free 1-800-259-6723

      Based on its agreement with the firm, the fees are based on a contingency fee of 22% of the amount referred to our office. Based on the above the fee would be $4,561.45

      Our office is open Monday and Tuesday 8 am to 9 pm and Wednesday through Friday 8 am to 5 pm. (EST). This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Calls may be recorded and or monitored for quality control purposes.

      Very truly yours
      Solomon and Solomon, P.C.

      Douglas M. Fisher

Page: 1 Document Name: Aurea Thomas

```
SD08                     DIRECT LOAN SYSTEM               DATE: 08/22/12
SDL97030                  LOAN MAINTENANCE
ACTION: DSP              TRACKING INFORMATION            SOURCE: F01
APPLICATION NUMBER: ████████    PRODUCT TYPE: NJC NJCLASS  ( REPAY TYPE: 02
TRACKING STATUS: DU  DEFAULTED, UNRESO   HOLD STATUS: ___ __ ____
TRK STATUS DATE: 06 15 2012           HOLD STATUS DATE: __ __ ____
 DATE LOAN PROC: 08 11 2008           HOLD RELEASE DATE: __ __ ____
   FUND NUMBER: 0A8P               DATE EFFECTIVE: 08 08 2008
BORROWER SSN: ████████   NAME: ARDINO           ANDREW        J RESP: Y
STUDENT  SSN: ████████   NAME: ARDINO           ANDREW        J RESP: Y
COBORR   SSN: _____   NAME: _____          _____  _ RESP: _
COSIGNER SSN: ████████   NAME: ARDINO           JOSEPH         _ RESP: N
  JCOS   SSN: ████████   NAME: ARDINO           LISA          A RESP: N
AMT OSTD BAL:  19666.44   IND DELINQUENT: Y    ** DELINQ BUCKET AMTS **
AMT INT ACCR:   1067.44   DAYS DELINQUENT:  256    BUCKET-1:     110.38
 AMT INT CAP:      0.00   DELINQ BUCKET: 06       BUCKET-2:     372.19
  AMT COSTS:      0.00      IND DEFAULT: Y        BUCKET-3:     372.19
  AMT DEBIT:    854.76   DAYS DELINQ DEF: ____ 0  BUCKET-4:       0.00
AMT SCHD PMT:    372.19   DEFAULT BUCKET: 00      BUCKET-5:       0.00
AMT LAST PMT:    370.00   AMT DEFAULT PMT: ____ 0.00  BUCKET-6:    0.00
DTE LAST PMT: 05 09 2012     DTE DEFAULT: 06 15 2012  BUCKET-7:    0.00
DTE BANKRUPT: __ __ ____   CODE BANKRUPT: __
DTE JDG FILE: __ __ ____      TRW STATUS: 93    DATE REPORTED: 08 16 2012
QUERY FUNCTION COMPLETE
```

```
SD07                          DIRECT LOAN SYSTEM              DATE: 08/27/12
                               LOAN MAINTENANCE
ACTION: DSP                  FINANCIAL INFORMATION            SOURCE: F01

APPLICATION NUMBER: ████████    PRODUCT TYPE: NJC        RPMT TYPE: 02
BILLING ACCT: ████████ NJC ████ I   FREQ: __         BILLING DAY: 00
                         NUM RPMT SCHD: 0000000000         PMT DAY SET: 23
AMT APPROVED:    20000.00      RPMT START: __ __ ____  # MO IN RPMT: 000
AMT ADJUSTED:        0.00   DTE INT START: 09 03 2008   UNPD CAP INT:        0.00
   AMT REPAID:     333.56   DTE CAP START: __ __ ____   AMT SCHD PMT:      372.19
  AMT CAP INT:       0.00   DTE REVERTED:  05 12 2013    AMT MIN PMT:       50.00
 AMT INT PAID:    4690.52    INT PAID YTD:     839.00    AMT PREV YR:     1407.01
 AMOUNT LOAN:    20000.00     INT CAP YTD:       0.00    INT CAP QTR:        0.00
OSTD BALANCE:    19666.44      AMT CREDIT:       0.00       AMT DEBIT:      754.76
 INT ACCRUED:      987.89     TYPE CREDIT: __            TYPE DEBIT: 02
 AMT INT OSTD:       0.00      DTE CREDIT: __ __ ____       DTE DEBIT: 08 22 2012
PCT INT RATE: 07.6200 %     AMT NEXT BILL:       0.00   DTE NEXT BILL: __ __ ____
 INT RATE T1: 07.6200 %     AMT LAST BILL:     854.76   DTE LAST BILL: __ __ ____
 INT RATE T2: 08.3700 %      AMT LAST PMT:     100.00   DTE LAST PMT: 08 22 2012
  BEGIN DATE: 09 03 2008      # NEXT BILL: 016       DTE INT CUTOVER: __ __ ____
    END DATE: 09 03 2028      # LAST PMT: 016      DTE NEXT PMT DUE: 07 30 2009

QUERY FUNCTION COMPLETE
```

```
SD18 ████          DIRECT LOAN SYSTEM            DATE: 08/27/12
                   LOAN PAYMENT HISTORY          PAGE:     1

LOAN APP NUM: █████     PROD TYPE: NJC NJCLASS  (FOR DLS ONLY)
BORROWER SSN: █████     BORR NAME: ANDREW J. ARDINO

  DATE ACCT PMT PMT I   OPENING    PAYMENT   AMT APPLD AMT APPLD   CLOSING
  RECVD TYP NUM TYP R   BALANCE    RECEIVED  PRINCIPAL INTEREST    BALANCE

09/18/08  I  001  03 N  10,000.00    364.76    333.56     31.20   9,666.44
11/04/08  I  002  01 N   9,666.44     26.13       .00     26.13   9,666.44
02/02/09  I  003  01 N  19,666.44    184.92       .00    184.92  19,666.44
06/11/09  I  004  01 N  19,666.44    328.10       .00    328.10  19,666.44
09/16/09  I  005  03 N  19,666.44    375.00       .00    375.00  19,666.44
11/04/09  I  006  01 N  19,666.44    449.53       .00    449.53  19,666.44
02/22/10  I  007  01 N  19,666.44    305.78       .00    305.78  19,666.44
05/18/10  I  008  01 N  19,666.44    369.84       .00    369.84  19,666.44
11/12/10  I  009  01 N  19,666.44    374.01       .00    374.01  19,666.44
01/27/11  I  010  01 N  19,666.44    279.11       .00    279.11  19,666.44
03/11/11  I  011  13 N  19,666.44    379.00       .00    379.00  19,666.44
04/01/11  I  012  13 N  19,666.44    379.00       .00    379.00  19,666.44
```

MORE DATA AVAILABLE

```
SD18                              DIRECT LOAN SYSTEM            DATE: 08/27/12
                                  LOAN PAYMENT HISTORY          PAGE:       2

LOAN APP NUM:                PROD TYPE: NJC NJCLASS   (FOR DLS ONLY)
BORROWER SSN:                BORR NAME: ANDREW J. ARDINO
```

| DATE RECVD | ACCT TYP | PMT NUM | PMT TYP | I R | OPENING BALANCE | PAYMENT RECEIVED | AMT APPLD PRINCIPAL | AMT APPLD INTEREST | CLOSING BALANCE |
|---|---|---|---|---|---|---|---|---|---|
| 09/14/11 | I | 013 | 13 | N | 19,666.44 | 369.90 | .00 | 369.90 | 19,666.44 |
| 02/01/12 | I | 014 | 13 | N | 19,666.44 | 369.00 | .00 | 369.00 | 19,666.44 |
| 05/09/12 | I | 015 | 13 | N | 19,666.44 | 370.00 | .00 | 370.00 | 19,666.44 |
| 08/22/12 | I | 016 | 33 | N | 19,666.44 | 100.00 | .00 | 100.00 | 19,666.44 |

```
   TOTALS:                            5,024.08      333.56   4,690.52

NO MORE DATA FOR FORWARD BROWSE
```

# Exhibit

# G

SOLOMON AND SOLOMON, P.C.
Five Columbia Circle, Albany, New York 12203
(518) 456-7200
Attorney(s) for Plaintiff(s)
_____
NEW JERSEY HIGHER EDUCATION
STUDENT ASSISTANCE AUTHORITY
                        Plaintiff(s)

                vs.

ANDREW J ARDINO
JOSEPH ARDINO
LISA A ARDINO

                        Defendant(s)
_____

SUPERIOR COURT OF NEW JERSEY
Union                    County
LAW DIVISION

Docket No.
Civil Action (Contract)
COMPLAINT

Plaintiff with a principal place of business at:  4 QUAKERBRIDGE PLAZA
TRENTON          NJ 08625        says:

Plaintiff, by its attorneys, complaining of the defendant(s),
respectfully alleges upon information and belief:

1.  Plaintiff, NEW JERSEY HIGHER EDUCATION        STUDENT ASSISTANCE AUTHORITY
    AN EDUCATIONAL CORPORATION.

2.  The Defendant resides in the county in which this action is brought;
    or the defendant transacted business within the county in which this action
    is brought in person or through his agent and the instant cause of action
    arose out of said transaction.

3.  That heretofore Defendant, for value, entered into a promissory note
~ a student loan.

4.  Defendant has failed to comply with the terms of the agreement
garding payment and Plaintiff is now the owner and holder thereof.

5.  Pursuant to the terms of the agreement and as a consequence of the
fault of the Defendant, Plaintiff has elected to declare the entire balance of
$19666.44      due with accrued interest of      $1126.10     , for a total due
$20792.54      as of 10/24/12 .

6.  Although duly demanded, no part of the aforementioned sum has been
id.

7.  Reasonable attorneys fees pursuant to the terms of the agreement
i NJ Regulation 9A:10-6.16(b) are due to Plaintiff from the Defendant.
a fees payable to counsel are based on a contingency fee of 22%.

WHEREFORE, plaintiff demands judgment against defendant(s) for the sum
   $20792.54   with interest at  7.62% from 10/24/12 on    $19666.44
gether with costs and disbursements and reasonable attorneys fees
 the sum of    $4561.45   which does not exceed 22% of the total
ount owed.
I am aware that if any of the foregoing statements made by me are willfully
false I am subject to punishment.  This matter in controversy is not the
subject of any other action or arbitration proceeding now or contemplated
except as stated in this complaint and no other parties should be joined in
this action.  R.4.5-1.  I certify that confidential personal identifiers have
been redacted from documents now submitted to the court, and will be redacted
from all documents submitted in the future in accordance with Rule 1:38-7(b).

                                    SOLOMON AND SOLOMON, P.C.

)ated:  co/75/12

                                    By Douglas M. Fisher / Norina Melita

This is an attempt to collect a debt.  Any information obtained
will be used for that purpose.  This communication is from a debt
collector.  Calls are randomly monitored and may be recorded to
ensure quality service.

Our office is open Monday through Tuesday 8am to 9pm
and Wednesday through Friday 8am to 5pm.

                                                        -nne

UNION COUNTY SUPERIOR COURT
2 BROAD STREET
ELIZABETH        NJ 07207

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 659-4817
COURT HOURS

                    DATE:   FEBRUARY 07, 2013
                    RE:     NJ HIGHER EDUCATION STUDENT ASSIST VS ARDIN
                    DOCKET: UNN L -000451 13

    THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 1.

    DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON REGINA C. CAULFIELD

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT: (908) 659-4823.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDAN
WITH  R.4:5A-2.
                    ATTENTION:

                              ATT: NORINA MELITA
                              SOLOMON & SOLOMON
                              5 COLUMBIA CIRCLE
                              ALBANY           NY 12203

JUTAN

Solomon and Solomon, P.C.
Five Columbia Circle
Albany, New York 12203
Telephone No.: (518) 456-7200
Attorney(s) for Plaintiff(s):

| | |
|---|---|
| NEW JERSEY HIGHER EDUCATION STUDENT ASSISTANCE AUTHORITY | SUPERIOR COURT OF NEW JERSEY Law Division-Union |
| Plaintiff(s) vs. | Docket No. |
| ANDREW J ARDINO JOSEPH ARDINO LISA A ARDINO | Civil Action (Contract) S U M M O N S |
| Defendant(s) | |

From the State of New Jersey
To the Defendant(s) named above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

24808479

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:

Jennifer M. Perez
Clerk of the Superior Court

Name/address of defendant(s) to be Served:

ANDREW J ARDINO
475 RAGLAND DR
ROSELLE PARK          NJ07204

JOSEPH ARDINO
475 RAGLAND DR
ROSELLE PARK          NJ07204

LISA A ARDINO
475 RAGLAND DR
ROSELLE PARK          NJ07204

NOTE: The Case Information Statement is available at www.njcourts.com.

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 11/2010. CN: 10153-English

Page 1

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(908) 475-2010

**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT (CIS)<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|



**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: ☐ CK ☐ CG ☐ CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY / PRO SE NAME<br>Douglas M. Fisher / Norina Melita | TELEPHONE NUMBER<br>(518) 456-7200 | COUNTY OF VENUE<br>Union |
|---|---|---|

| FIRM NAME (If applicable)<br>Solomon and Solomon, P.C. | DOCKET NUMBER (when available) |
|---|---|

| OFFICE ADDRESS<br><br>5 Columbia Circle<br>Albany, New York 12203 | DOCUMENT TYPE<br>Summons and Complaint |
|---|---|
| | JURY DEMAND ☐ YES ☒ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>NEW JERSEY HIGHER EDUCATION<br>STUDENT ASSISTANCE AUTHORITY<br>, Plaintiff | CAPTION<br><br>v. | NEW JERSEY HIGHER EDUCATION<br>STUDENT ASSISTANCE AUTHORITY , Plaintiff<br>ANDREW J ARDINO<br>JOSEPH ARDINO , Defendant(s)<br>LISA A ARDINO |
|---|---|---|

| CASE TYPE NUMBER (See reverse side for listing)<br>502 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES ☒ NO |
|---|---|
| | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?<br>☐ YES ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>☐ YES ☒ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

N/A

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES ☒ No | IF YES, FOR WHAT LANGUAGE? |

| I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be<br>redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b). |
|---|

ATTORNEY SIGNATURE:

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

**Track III - 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
502  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
285  STRYKER TRIDENT HIP IMPLANTS
288  PRUDENTIAL TORT LITIGATION
289  REGLAN
290  POMPTON LAKES ENVIRONMENTAL LITIGATION

291  PELVIC MESH/GYNECARE
292  PELVIC MESH/BARD
293  DEPUY ASR HIP IMPLANT LITIGATION
295  ALLODERM REGENERATIVE TISSUE MATRIX
623  PROPECIA

**Mass Tort (Track IV)**
266  HORMONE REPLACEMENT THERAPY (HRT)
271  ACCUTANE/ISOTRETINOIN
274  RISPERDAL/SEROQUEL/ZYPREXA
278  ZOMETA/AREDIA
279  GADOLINIUM

281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282  FOSAMAX
284  NUVARING
286  LEVAQUIN
287  YAZ/YASMIN/OCELLA
601  ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

Please check off each applicable category  ☐ **Putative Class Action**   ☐ **Title 59**