## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW J. ARDINO; JOSEPH ARDINO and LISA A. ARDINO, on behalf of themselves and all others similarly situated,<br><br>                  **Plaintiffs,**<br><br>v.<br><br>SOLOMON AND SOLOMON, P.C., and JOHN DOES 1-25,<br><br>                  **Defendants.** | Civ. No. 13-1821 (KM)<br><br>**OPINION** |

### KEVIN MCNULTY, U.S.D.J.:

Andrew J. Ardino obtained a student loan from the New Jersey Higher Education Student Assistance Authority ("HESAA"), which his parents, Joseph and Lisa Ardino, co-signed (Plaintiffs are collectively referred to as "the Ardinos.") HESAA employed Solomon and Solomon, P.C. ("Solomon") to be its debt collector. In this putative class action, the Ardinos allege that Solomon sent them collection letters, dated September 13 and 24, 2012, which misstated the amount they owed HESAA. In particular, they claim that the letters misleadingly stated that $4,561.45 in attorneys' fees were then currently due and payable. In fact, the Ardinos allege, such fees had not yet accrued under Solomon's contract with HESAA, which contains a contingent fee arrangement. The Ardinos' single-count complaint claims violations of multiple provisions of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

Solomon has moved to dismiss the Ardinos' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Solomon contends that its statements regarding attorneys' fees were accurate and that the Ardinos thus have no cognizable claim. As to the claim for damages, I disagree and deny the motion to dismiss. As to the claim for declaratory and injunctive relief, however, I grant Solomon's motion as a matter of law. I decide this motion without oral argument. *See* Fed. R. Civ. P. 78(b).

**Facts and Contentions**

In May 2008, the Ardinos applied for and obtained a student loan for Andrew J. Ardino in the amount of $20,000. (Complaint at ¶¶ 15-20 (Doc. No. 1)). The Ardinos allegedly defaulted on the repayment of the loan. Solomon, acting on behalf of HESAA, sent letters to each of the Ardinos "in an attempt to collect a debt." (*Id.* at Exs. B-D; the "September 13 Collection Letter"). Each of these substantially identical letters, dated September 13, 2012, states at the top:

> "Amount due as of 9/13/2012: $25,385.66."

(*Id.*). The letter then states, in its second paragraph:

> "Attorney fees of 22% of the claim referred are due to the State pursuant to the terms of the note(s) and NJ Regulation 9A:10-6.16(b)."

(*Id.* at ¶¶ 35-36, Exs. B-D).

Plaintiff Joseph Ardino's attorney sent Solomon a letter dated September 20, 2012, disputing the amount owed and demanding an accounting. (*Id.* at Ex. E). Solomon responded on September 24, 2012, with a collection letter itemizing the alleged balance. This letter stated that the amount demanded included $4,561.25, representing "22% of the amount [of unpaid principal and interest] referred to our office." (*Id.* at ¶ 51 and Ex. F; the "September 24 Collection Letter").

In the terms and conditions of the underlying promissory note between the Ardinos and HESAA, each Plaintiff promised that "If I am in Default, I agree to pay all amounts, including reasonable collection agency and <u>attorneys fees</u> and court and other collection costs <u>that you incur in effecting collection</u> of this Note, up to the maximum penalty permitted by law." (NJCLASS Loan Terms, Conditions, and Definitions, Certification of Gregg S. Kahn Ex. 2 at Ex. A thereto (emphasis added)).

The attorneys' fees that HESAA will incur are governed by a retainer letter agreement that it entered into with Solomon. In that retainer letter, HESAA advises Solomon that "You have agreed to handle all accounts referred to you <u>on a contingent fee basis</u>, with your <u>fee to be calculated on the basis of monies collected</u> by you from debtors referred to you by HESAA for handling." (Retainer Agreement, Kahn Cert. Ex. 1 at Ex. C thereto (emphasis added)). The agreement sets the contingency fee rate for services in New Jersey at 22%. (*Id.*).[1]

---

[1]     Because this is a motion to dismiss, the allegations of the Complaint control. I

There is no dispute that state law, in general, permits the lender to recover attorneys' fees of up to 30% of the debt collected.[2] The Ardinos deny, however, that Solomon's 22% fee is properly based on the amount *referred* for collection, as stated in the September 13 and 24 Collection Letters. This statement, they say, is contrary to the Note and the Retainer Agreement, which provide that HESAA will pay Solomon based on the amount actually *collected*.

Relatedly, the Ardinos contend that they did not (or at least did not yet) owe HESAA *any* attorneys' or collection fees as of September 13 and 24, 2012, when Solomon sent the Collection Letters. Solomon had not yet billed HESAA for any fees; indeed, Solomon could not have done so, because its fees, by contract, were contingent on the amount ultimately collected. The 22% fee, they contend, is not *incurred* or calculable until Solomon collects some amount from the Ardinos, and it becomes calculable and due from the Ardinos only at that time. Accordingly, say the Ardinos, Solomon's statement in the September 13 and 24 Collection Letters that $4,561.25 in attorneys' fees was currently due was false and misleading.

Solomon disputes that its statements in the Collection Letters are actionable. It argues that the FDCPA is not intended to punish debt collectors based on a plaintiff's "hyper-scrutinizing every word in a perfectly clear and straightforward letter and twisting certain words' meaning." Solomon

---

note, however, that Solomon's associate attorney responsible for collection from the Ardinos has confirmed, by certification, that Solomon "is retained at a contingency rate of 22%." (Certification of Douglas M. Fisher, Esq. dated 4/18/2013 ("Fisher Cert."), Ex. 1 to Kahn Cert. at ¶ 15). A representative of HESAA has also certified that "[r]easonable attorney fees pursuant to the terms of the agreement and NJ regulation 9A:10-6.16(b) are due to [HESAA] from [the Ardinos]. The fees payable to counsel are based on a contingency fee of 22%...That fee is set based on the initial amount turned over for collection." (Certification of Janice Seitz dated 4/17/13, Ex. 2 to Kahn Cert. at *Id.* at ¶ 14).

[2]    The collection charges and fees that HESAA may pass along to debtors are defined by N.J.A.C. § 9A:10-6.16:

> (b) Upon default, the borrower and/or cosigner, if any, are liable for the entire balance of the loan...Default may result in any or all of the following: expedited increase of interest rate, loss of State income tax refunds or State tax rebates, legal action, <u>assessment of collection charges including attorney fees of up to 30 percent of the debt collected</u>, loss of eligibility for other student aid, negative credit reports, administrative wage garnishment, offset of lottery prize winnings, and suspension of New Jersey occupational and professional license.

complains that "the amount in dispute for purposes of this motion is a mere $4,561.45, the attorneys' fees portion of the debt." And Solomon contends that the Ardinos' "theory of the case directly contradicts the actual practice of law concerning the collection of unpaid student loan debts in New Jersey—which [loan debts] are governed by statute—and the procedural aspect of fee recovery in such case." (Dfd's Br. at pp. 1-2 (Doc. No. 6-1)). More directly contradicting the basis of the claim, Solomon contends that "the attorneys fees sought are part of the overall claim irrespective of any possible, future settlement...or the amount ultimately collected," that such fees are "authorized pursuant to the promissory note entered into between the Ardinos and HESAA...and [have] been approved by the New Jersey State Court[,]" and that "the fee amount sought...accurately represents what [Solomon] is entitled to recover." (*Id.* at 3)

Solomon is accurate in stating that that the 22% attorney fee of $4561.25 is "expressly recoverable" under N.J.A.C. § 9A:10-6.16(b) and the retainer agreement. (*Id.* at 7). HESAA may recover its collection and attorneys' fees, and the Ardinos do not dispute that. The issue here is narrower. The Ardinos raise a question about whether and when a lender (or its debt collector) may tell a debtor that collection costs and fees are "due." As to that issue—nuanced, perhaps, but clearly defined—the Ardinos have stated a cognizable claim.

### Analysis

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). For purposes of a motion to dismiss, the well-pleaded factual allegations of the complaint must be taken as true, with all reasonable inferences drawn in plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (established "reasonable inferences" principle not undermined by subsequent Supreme Court case law). In reviewing the well-pleaded factual allegations and assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

In reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), a court is limited to an examination of the pleadings, matters of public record, orders and exhibits attached to the complaint. *Yuhasz v. Poritz*, 166 F. App'x 642, 646 (3d Cir. 2006) (not precedential) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994)); *see also Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 600-601 (D.N.J. 2002).

Here, the Ardinos' complaint contains specific factual allegations and it articulates the legal basis for the claims. Solomon argues, not that the allegations are insufficiently specific, but that there is simply no legal infraction here. Its view depends on an unduly narrow view of the applicable law and of the straightforward documents before me.

The ultimate issue in this case is whether Solomon made untrue or misleading statements in its collection letters. The Complaint alleges three specific violations of the FDCPA: 1) false, deceptive, or misleading statements; 2) false representations and/or deceptive means to collect or attempt to collect a debt; and 3) unfair and unconscionable means to collect or attempt to collect a debt.[3]

The statements in a debt collection letter "should be analyzed from the perspective of the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453-454 (3d Cir. 2006). This standard is much lower than that of a "reasonable debtor." The standard does, however, rule out "bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 454 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-355 (3d Cir. 2000)).

Solomon's Collection Letters stated that: $25,385.66 was the amount due as of September 13, 2013; that attorneys' fees of 22% of the claim referred were "due" as of that date; and that the $25,385.66 total included attorneys' fees of $4,561.25, representing 22% of the amount referred to Solomon for collection. A debtor, whether sophisticated or unsophisticated, could conclude from these Letters that he or she owed HESAA $25,358.66, inclusive of HESAA's collection costs, as of the date of the Letter(s).

The Ardinos' Complaint, after quoting these statements, makes adequate factual allegations that they are false or misleading.

---

[3]    The Ardinos allege that Solomon violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1). The pertinent provisions are as follows: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...(2) The false representation of – (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector....(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* at 1692e. And further: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* at § 1692f.

First, the Ardinos quote the terms of the Note they gave HESAA. In the Note, they promise to pay collection costs "and all other costs permitted under this Note for the collection of this loan, which the lender....incurs in collecting this loan." (Complaint at ¶ 39, Ex. A; *see also* Kahn Cert. Ex. 2 at Ex. A thereto). Next, the Ardinos allege that the attorneys' fees are determined by a "contingency fee agreement between Solomon and HESAA," (Complaint at ¶ 38), as acknowledged in the September 24 Collection Letter. (*Id.* at ¶ 5). With its motion, Solomon has furnished a copy of its retainer agreement with HESAA, which confirms that it works "on a contingent fee basis, with [its] fee to be calculated on the basis of monies collected by [it] from debtors referred to [it] by HESAA." (Retainer Letter, Kahn Cert. at Ex. 1 at Ex. C thereto).[4]

These allegations are enough to require the case to go forward on the issue of whether the pertinent statements in Solomon's Collection Letters are false. In short, the Ardinos allege that, under the Note and the retainer agreement, the attorneys' fees were not due until actually incurred, and that they would be calculated on a contingent basis, *i.e.*, 22% of the amount actually collected. Solomon's Collection Letter(s) did not reflect this. While the Ardinos agreed to pay costs incurred by HESAA, they did not agree to pay—and Solomon had no basis to demand—a prospective or estimated fee. Relatedly, the September 24 Collection Letter may be read to state inaccurately that Solomon's fee equals 22 percent of the amount of the debt <u>referred to it</u> for collection, not the amount <u>collected</u>. Those two amounts could turn out to be quite different. In short, the amount of the attorneys' fees was not set in stone as of the dates of the Collection Letters.

*Hernandez v. Miracle Fin., Inc.,* 2011 U.S. Dist. LEXIS 144356 (D.N.J. Dec. 13, 2011), is on point. There, the plaintiff alleged that a debt collector sent letters stating that its collection fee was due and owing, together with the underlying debt, even though the debt collector's agreement with the creditor was contingent and the creditor had not yet incurred any collection charge. *Id.* at *1-3. In a well-reasoned unpublished decision, District Judge Linares of this

---

[4]     The retainer agreement, submitted as an exhibit to Solomon's motion to dismiss, is properly considered on a Rule 12(b)(6) motion because the Complaint refers to the "contingency fee arrangement" contained therein (Complaint at ¶ 38) and attaches the September 24 Collection Letter in which Defendants refer to their retainer agreement with HESAA (*id.* at Ex. F). *See Pryor v. NCAA*, 288 F.3d 548, 560 (3d Cir. 2002)(on 12(b)(6) motion, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered" (quoting 62 Fed. Proc., L. Ed. § 62:508)); *see also Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993)("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). Solomon's attorney responsible for Defendants' debt confirmed this fee arrangement, though I do not consider this for purposes of this motion. (Fisher Cert., Ex. 1 to Kahn Cert. at ¶15).

Court held that "under the least sophisticated debtor standard, Plaintiff states a claim sufficient to state a plausible right to relief regarding the inclusion of a contingent fee not yet charged to which Verizon was only entitled in the event of successful collection. These allegations are sufficient to state a plausible right to relief under 15 U.S.C. § 1692e." *Id.* at *10 (citing *Gathuru v. Credit Control Services, Inc.*, 623 F. Supp. 2d 113, 121-122 (D. Mass. 2009)).

The cases cited by Solomon do not persuade me otherwise. *Kennedy v. United Collection*, 2010 U.S. Dist. LEXIS 9042 (D.N.J. Feb. 3, 2010) (Debevoise, S.D.J.), stands for the rudimentary proposition that a collection letter may seek costs authorized by an agreement, even though the agreement does not set the exact amount or measure. *Id.* at *8-9. *Kennedy* also states that the plaintiff would not have a FDCPA claim based on the hypothetical possibility (not even pled) that the creditor underpaid the collection agency. *Id.* at *10-12. In short, *Kennedy* does not address the issue presented here.

*New Jersey Higher Education Assistance Authority v. Martin,* 265 N.J. Super 564 (App. Div. 1993), merely states that a note provision requiring payment of counsel fees in the event of default is valid and enforceable, and that the court may not award less than the full amount of fees incurred. *Id.* at 567-568. The Ardinos probably would not argue with that general proposition; at any rate, their claim is a different, more nuanced one.

*Bull v. Asset Acceptance,* 444 F. Supp. 2d 946 (N.D. Ind. 2006), also cited by Solomon, considered whether the fees sought in a complaint filed by a collector were excessive and violated the FDCPA in light of the debtor's promise to reimburse only "reasonable" attorneys' fees. *Id.* at 949. *Bull* does not address the issues in this case.

*Newman v. Ormond,* 396 Fed. Appx. 636, 639-40 (11th Cir. 2010), also dealt with an agreement to pay "reasonable" collection costs. The creditor sought a particular amount, but a court ultimately awarded less. The issue was whether the creditor's demand for the higher amount had violated FDCPA. Here, there is no "reasonable" costs provision or any issue comparable to the one in *Newman.* The Ardinos acknowledge that they have agreed to pay actual costs at a specified rate once Solomon completes its collection effort.

Solomon cites N.J.A.C. § 9A:10-6.16 (quoted *supra* at n.2), which merely authorizes HESAA to pass on its attorney fees to its borrowers at a rate of up to 30%. That regulation does not advance Solomon's position as to the issues in this case: the issue of *when* such fees become due, and *when* the lender may tell the debtor such fees are currently due. Indeed, although the regulation authorizes collection of costs in a general way, this case will more likely be decided based upon the terms of the Note and the retainer agreement between Solomon and HESAA.

I authorized Solomon to make a surreply submission, in which it furnished a transcript of a hearing and decision on a motion for summary judgment in a case filed by HESAA (through Solomon) in New Jersey Superior Court. That collection case presented an issue similar to the one here, albeit *via* a counterclaim by the student debtor. Judge Kenneth J. Slomienski, disagreeing with the debtor, granted summary judgment in favor of HESAA. (*See* NJHEAA v. Burke, No. L-9571-12 (N.J. Super. Ct. Bergen Co.) Transcript. Doc. No. 18, Ex. C).

This three-paragraph oral decision does not convince me, because it failed to analyze and apply the FDCPA. The decision merely found that N.J.A.C. § 9A:10-6.16 is a valid basis for fee recovery (true enough) and essentially dismissed the debtors' FDCPA argument because "there's no case law on that." (*Id.* at Docket p. 30 (p. 15 of transcript). The learned judge may have been referring to published New Jersey authority, or he may not have had the benefit of a citation to Judge Linares's unpublished opinion in *Hernandez*, 2011 U.S. Dist. LEXIS 144356, which in turn cited *Gathuru*, 623 F. Supp. 2d at 121-22, a published District of Massachusetts opinion. At any rate, the oral opinion contains no significant analysis, and it does not address the bases, expressed above, for my opinion.

In sum, the Ardinos have made allegations sufficient to set forth a plausible claim of

- false, deceptive, or misleading representation(s), by alleging that the collection letters demanded an amount which included attorneys' fees not yet accrued, *see* 15 U.S.C. § 1692e(2)(A) (prohibiting false representation of amount of debt),
- false representation(s) or deceptive means to collect or attempt to collect a debt, by alleging that the collection letters asserted that HESAA was legally entitled to collection cost of 22% of the "claim referred," *see* *id.* at § 1692e(10) (prohibiting use of any false representation or deceptive means to collect or attempt to collect a debt)); and
- the use of unfair or unconscionable means to collect a debt, by alleging that the collection letters demanded an amount which included attorneys' fees not yet accrued and which was based on the value of the "claim referred," *see id.* at § 1692f(1) (prohibiting the use of unfair or unconscionable means, including the collection of fees not expressly authorized by agreement creating the debt)).

I will therefore deny the portion of Solomon's motion seeking dismissal of the Ardinos' claims for damages. Solomon's argument that the Ardinos' class action allegations must be dismissed is based solely on its contention that the Ardinos themselves have failed to state any cognizable claim. So I will also deny the class action component of the motion to dismiss the damages claims.

Finally, Solomon argues that I should dismiss the Ardinos' demand for injunctive and declaratory relief because those forms of relief are not available to them under FDCPA. The authorities support Solomon's view. The United States Court of Appeals for the Third Circuit has held that "injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA." *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004). It reasoned that "[t]he remedies under the FDCPA differ depending on who brings the action. The statute authorizes damages for civil liability, but permits only the Federal Trade Commission to pursue injunctive or declaratory relief...Because the statute explicitly provides declaratory and equitable relief only through action by the Federal Trade Commission, we believe the different penalty structure demonstrates Congress's intent to preclude equitable relief in private actions." *Id.* at 341-42 (internal citations omitted); *see also Hernandez*, 2011 U.S. Dist. LEXIS 144356 at *14-15 (D.N.J. Dec. 13, 2011) (*citing Weiss* at 342). Solomon's motion to dismiss the claims for injunctive and declaratory relief will therefore be granted.

**Conclusion**

For the reasons stated above, the motion of Solomon and Solomon, P.C., to dismiss the complaint is **GRANTED IN PART** and **DENIED IN PART**. The claims, insofar as they demand injunctive and declaratory relief, will be **DISMISSED WITH PREJUDICE**. As to all other claims and demands, the motion to dismiss is **DENIED**.

An appropriate order follows.

_____
HON. KEVIN MCNULTY
United States District Judge

Date: January 23, 2014
Newark, New Jersey

9